(108 So. 755)

## STABLER v. UNION COAL CO. et al.
### (6 Div. 673.)

(Supreme Court of Alabama. May 27, 1926.)

Corporations &#8718;38—Certificate of amendment to corporation charter, creating two classes of preferred stock and failing to state amount of either class to be issued, held unauthorized (Code 1923, §§ 7005, 7006, 7008, Const. 1901, § 237).

Certificate of amendment to corporation charter, adopted in compliance with Code 1923, § 7008, Const. 1901, § 237, and creating two classes of preferred stock, one class to bear $7 per share dividend per annum and to be redeemed at $102 per share, the other $6 and to be redeemed at $105 per share, and authorizing directors to issue 5,000 shares of either class or to divide the 5,000 shares between the two classes, without stating proportion to each class, held unauthorized, in view of Code 1923, §§ 7005, 7006.

Appeal from Circuit Court, Walker County; R. L. Blanton, Judge.

Bill in equity by C. O. Stabler against the Union Coal Company and others. From a decree on demurrer to the bill, complainant appeals. Reversed, rendered, and remanded.

C. R. Wiggins, of Jasper, for appellant.

The amendment proposed is not authorized, because the amount of the two classes of preferred stock proposed to be issued is not expressed therein. Code 1923, § 7005.

A. F. Fite, of Jasper, for appellees.

The statute was complied with by stating in the amendment the amount of common stock and the amount of preferred stock proposed to be issued. It is not necessary that the amount of different kinds of stock in the same class be stated. Cook on Corp. 76; Clarke on Corp. 532; Warren v. King, 108 U. S. 389, 2 S. Ct. 789, 27 L. Ed. 769.

MILLER, J. This is a bill in equity filed by C. O. Stabler, a stockholder in the Union Coal Company, a corporation, against the corporation, its officer, and the members of its board of directors. The complainant by the bill seeks to enjoin the filing of a proposed amendment to the charter of the corporation and the issuance of preferred stock authorized by such amendment. The corporation has 10,000 shares of common stock outstanding and 1,000 shares of preferred stock at $100 per share to be paid $7 per share annual dividend, and only ten shares of this preferred stock has been issued.

The amendment to the charter, adopted by the owners of two-thirds of the capital stock of the corporation, on January 19, 1926, proposed to increase the stock from 11,000 shares to 15,000 shares, without par value, 10,000 shares to be common stock and 5,000

shares preferred stock, and it authorized the issuance of the preferred stock at a dividend rate of either $6 or $7 per share or both, as might be determined by the board of directors, and fixed the redemption by the corporation of the $6 dividend rate stock at $105 per share, and ·the $7 dividend rate stock at $102 per share.

The defendants demurred to the bill, the court sustained the demurrers, and this appeal is by the complainant from that decree.

The complainant owns one share of the common stock of this corporation; it has been fully paid and is nonassessable. He owned it when the owners of two-thirds of the stock of the corporation met on January 19, 1926, and passed the resolution to amend the charter as above indicated. He was not present at the meeting, either in person or by proxy.

Stock of a class preferred in any respect over stock of any other class may be created or authorized at any time or from time to time after the filing of the original certificate, with consent of the owners of' two-thirds of the capital stock of the corporation at the time outstanding, and such consent may be expressed in the manner and way provided by the statute. Section 7006, Code 1923. It appears from the averments of the bill that, at a meeting of the stockholders called for the purpose, persons owning two-thirds of the capital stock voted in favor of creating the preferred stock as above stated. The Constitution and statute provide that no corporation shall issue preferred stock without the consent of the owners of two-thirds of the stock of said corporation. Section 7008, Code 1923; section 237 of Const. of 1901. It affirmatively appears from the averments of the bill that this requirement of the statute and Constitution was complied with by the owners of two-thirds of the stock of the corporation voting for the issuance of the 5,000·shares of preferred stock at a meeting duly called for that purpose.

Section 7005 of the Code of 1923 provides:

"Any corporation organized under the laws of this state may create or authorize and provide for the issue of two or more *kinds* of *stock* of such classes (including debenture stock and preferred stock of one .or more classes), in such proportions as between the different classes of stock * * * as shall be stated or expressed in the certificate of incorporation or in any certificate of amendment thereof." (Italics supplied.)

Does this certificate of amendment or resolution in the nature of a certificate of amendment passed and voted for by the owners of two-thirds of the stock in this corporation comply with this statute? Under this statute there may be two or more kinds of stock, common stock, debenture stock, and

preferred stock. And there may be under this statute one or more classes of this preferred stock. This certificate of amendment to the corporation provides for two kinds of stock, and it states the proportions of each kind— 10,000 shares of common stock and 5,000 shares of preferred stock. This statute (section 7005, Code of 1923), specially provides there may be more than one class of the different kinds of stock. There may be under the statute two or more kinds of stock, and there may be one or more classes of each kind. The statute specially states "preferred stock of one or more classes." This clearly indicates there may be more than one class of the preferred stock kind under the statute. The certificate of amendment should state the proportions of the different classes of the different kinds of stock, when any kind of stock is divided into more than one class.

This certificate of amendment adopted and passed by the owners of two-thirds of the stock on January 19, 1926, properly states the proportion of the two different kinds of stock, common stock 10,000 shares and preferred stock 5,000 shares, but it creates two classes of preferred stock, one class to bear $7 per share dividend per annum, and to be redeemed by paying $102 per share for it, and the other $6, and to be redeemed by paying $105 per share for it, and authorizes the directors to issue 5,000 shares of either class or to divide the 5,000 shares between the two classes, without stating the proportion of each class as the statute directs. This was not the design or purpose of the statute. This does not comply with the statute. The certificate of amendment does not conform to the statute, and is unauthorized. It fails to state therein the amount of the two classes of preferred stock to be issued. It should have directed the entire 5,000 shares of preferred stock to bear $7 dividend or $6 dividend, or it should have stated what proportion of the 5,000 shares would bear $7 dividend and what proportion would bear $6 dividend. This should have been decided by and received the consent and approval of the owners of two-thirds of the stock, and it should have been stated or expressed in the proposed certificate of amendment of the charter, and it should not have been left to the discretion of the directors. The proposed certificate of amendment of the charter of the corporation is unauthorized by the statute, because the amount—the proportions—of the two classes of preferred stock intended to be issued is not stated or expressed therein. It does not comply substantially with the statutory requirements. Sections 7005, 7006, Code of 1923; Randle v. Winona Coal Co., 206 Ala. 254, headnotes 9 and 10, 89 So. 790, 19 A. L. R. 118.

It results that the court erred in sustaining the demurrers to the bill of complaint. They should have been overruled, and a decree to that effect will be entered here.

The decree is reversed and the cause remanded.

Reversed, rendered, and remanded.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.